[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on May 3, 1958 in Danbury, Connecticut. Her birth name was Mauro.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of this action.
There are no minor children, issue or non-issue of this marriage. The three children of the parties have already reached their majority.
From the testimony presented, the court finds that the marriage has broken down irretrievably, there is no prospect of CT Page 6817 any reconciliation and a decree of dissolution is hereby entered.
This is a marriage of thirty-seven (37) years and the parties have been living separate and apart for eighteen (18) months.
The wife is fifty-five (55) years of age, and is in good health. The husband is fifty-seven (57) years old, and is also in good health.
Both of the parties have a high school education.
The wife presently works thirty-two (32) hours a week as a waitress and cook and reports gross weekly earnings of $380. In addition, she reports rental income of $140 per week and mortgage income of $156 per week.
The husband's financial affidavit shows weekly gross earned income of $1,485.
The wife cites as her reasons for the breakdown the husband's infidelity, his intimidation and his treatment of the children. The court does not give much credence to this testimony and concludes that neither party bears greater fault than the other.
The plaintiff has valued the marital home, through her appraiser, at $410,000. The court was not overly impressed with the testimony of the appraiser. The court is of the opinion that the home has a fair market value of approximately $375,000.
The value of the balance of the assets are not actively disputed.
The court, having considered all of the testimony and taking into consideration the provisions of General Statutes, Secs.46b-81 and 46b-82, further finds and orders as follows:
1. The real estate located at 9 Hoyt Road, Sherman, Connecticut, shall remain the sole and exclusive property of the present owners.
2. The husband shall cooperate with the wife and supply her with all necessary documents to enable her to apply for COBRA benefits at her own expense.
3. It is the intention of the court that the parties' IRA's CT Page 6818 be equalized, and the court therefore orders the husband to transfer to the wife, by way of a Qualified Domestic Relations Order, the sum of $19,000. It is anticipated by the court that this is to be a tax free transfer.
4. Each of the parties, except as otherwise ordered by the court, shall pay his or her own liabilities. The husband is specifically ordered to pay in full whatever real estate taxes are due the States of Connecticut and New York relative to the Sherman/New York property.
5. The husband shall immediately insure the family home until such a time as all financial orders have been paid.
6. The husband shall, within one hundred twenty (120) days, pay to the wife the sum of $10,000 for her equitable interest in the Vermont property.
7. As a further property distribution, the court orders the husband to pay to the wife, within ninety (90) days, the sum of $175,000, representing approximately 50 percent of the equity in the marital home.
8. The wife will retain one-half interest in the mortgage on the Brookfield property as well as her interest in the Mr. Pleasant Road, Newtown, property.
9. The easement funds shall be divided equally.
10. All of the furnishings in the marital home shall become the sole and exclusive possession of the husband except for the pine bedroom set and Christmas ornaments which the wife will be able to claim.
11. The husband shall pay to the wife, as periodic alimony, the sum of $150 per week until the happening of the first of the following events.
(a) remarriage by the wife;
(b) death of either party;
(c) husband's retirement from the railroad.
In no event shall alimony be modified as to term. CT Page 6819
12. Except as otherwise provided, each of the parties shall retain and own the property presently in their sole name and possession.
13. Each of the parties shall be responsible for his or her own attorney's fees and costs.
Mihalakos, J.